## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**TELLUS OPERATING GROUP, LLC**                                                          **PLAINTIFF**

**vs.**                                                          **CIVIL ACTION NO.  3:06CV219HTW-JCS**

**BJ SERVICES COMPANY**
**(AKA BJ SERVICES COMPANY U.S.A.)**                                 **DEFENDANT**

## CONFIDENTIALITY AGREEMENT AND ORDER

This matter is before the Court on the joint, *ore tenus* motion of the parties for entry of an order protecting the confidentiality of documents produced and exchanged in connection with the above-referenced civil action.  Upon being advised that the parties are in agreement concerning the substance and form of such an order, finds that the motion is well-taken and should therefore be granted.

IT IS THEREFORE ORDERED that subject to Rule 26 of the Federal Rules of Civil Procedure, the following confidentiality provisions shall apply to information and documents exchanged between the parties during the course of this litigation until further agreement of the parties or Order of this Court:

1.     Except as otherwise ordered by this Court, this Order in its entirety shall apply only to the BJ Services Iron Manual, BJ Services Engineering Handbook, and William Moody's "tally book," which are being designated as confidential (" Confidential Information").  In the event that one or both parties desires to submit other documents which they deem to be Confidential Information, then they will bring the issue before the Court and seek to amend the Order accordingly.

2. Confidential Information contained or revealed in a deposition, whether in a question, answer, or exhibit, may be designated "CONFIDENTIAL" by noting a claim of confidentiality pursuant to this Order on the record at the time of the deposition. The confidential portion of the deposition shall be identified as such in the caption or title of the transcript, or in the event only certain pages of the transcript contain Confidential Information, those pages shall be marked "CONFIDENTIAL."

3. No Confidential Information shall be disclosed to any person or entity without the prior written consent of the party asserting confidential treatment or prior order of this Court, except to the following:

    a. Counsel for the respective parties to this litigation, including attorneys, paralegals, and clerical staff for such parties;

    b. Employees of any party who are designated as deponents or other persons who are directly and personally involved in the prosecution or defense of this action or employees whose expertise is necessary to provide technical support to counsel;

    c. Expert witnesses or consultants engaged by counsel for a party to assist in the prosecution and defense of this action;

    d. Witnesses or potential witnesses for a party to assist in the prosecution and defense of this action; and

    e. The Court and court personnel under such safeguards as the Court may direct so as to preserve and protect the confidentiality of Information designated by any party and to prevent harm to any party.

As a condition to producing or disclosing Confidential Information pursuant to this Order to any person or persons permitted by this Order to receive and review Confidential Information, the party providing the Confidential Information shall provide the recipient with a copy of this Order and the recipient shall be fully bound by the terms of this Order. The recipient shall sign a copy of this Order signifying their receipt of and obligation to be bound by this Order.

4. If counsel for any party determines that for purposes of this action any Confidential Information pursuant to this Order must be disclosed or produced to any individual or entity other than those described in paragraph 5, counsel for the party desiring to produce or disclose Confidential Information shall first advise the other party in writing at least ten days before the proposed disclosure and provide the identity of the person or entity to whom disclosure or production is proposed and the specific identity of all Confidential Information proposed to be produced or disclosed. The other party may file a motion seeking appropriate relief with the Court to prevent such production or disclosure. No disclosure or production of Confidential Information shall be made during the pendency of any such motion for relief.

5. It is the responsibility of counsel for each party to maintain materials containing Confidential Information designated under this Order in a secure and appropriate place so as to allow access to Confidential Information only to such persons as is permitted pursuant to paragraphs 3 and 4 of this Order.

6. Counsel for the parties and all other persons authorized by this Order to receive Confidential Information shall, subject to the terms of this Order, use such Confidential Information solely for purposes of trial preparation and pretrial proceedings; treatment and use at trial of Confidential Information shall be subject to further order of the Court. In no event, however, shall

such Confidential Information be used in or for other cases, proceedings, or disputes, or for any business or commercial purposes.

7. The disclosure of Confidential Information by the party claiming confidential treatment shall not be construed to be a waiver, in whole or in part, of the supplying party's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other Confidential Information relating thereto. The agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or any Confidential Information is subject to discovery, or is admissible as evidence in this case. Nothing herein shall be construed to affect the rights of any party to discovery under the Federal Rules of Civil Procedure or to preclude any assertion of any privilege or objection, or to prohibit any party from seeking such further relief as it deems necessary or desirable regarding this Order or the matter of confidentiality.

8. Within thirty (30) days after the conclusion of this case, including any appellate proceedings, all confidential materials obtained pursuant to this Order (including any copies, summaries and abstracts thereof) shall be returned to the producing/designating party or otherwise disposed of in accordance with written instructions from the producing/designating party.

9. A breach of the provisions of this Confidentiality Order shall be subject to appropriate sanctions in the discretion of the Court.

10. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment or order (including any appellate proceedings) in this case, whether by settlement or litigation, provided, however, that there shall be no continuing obligation to treat as confidential, pursuant to the terms of this Order, any Confidential Information which is adjudicated or agreed not to be confidential.

11. This Court retains jurisdiction, both before and after the entry of final judgment or order in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this Order.

IT IS SO ORDERED, this the 27th day of February, 2007.

                                                        S/Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE

Prepared by:


s/Walter H. Boone
Walter H. Boone, MS Bar # 8651
Stefan G. Bourn, MS Bar # 9794
Rebecca A. Zotti, MS Bar # 101585
Attorneys for BJ Services Company


Agreed to by:


s/Glenn Gates Taylor
Glenn Gates Taylor, MS Bar # 7453
Christy M. Sparks, MS Bar # 101381
Attorneys for Tellus Operating Group, LLC